# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Mark Filip | Sitting Judge if Other than Assigned Judge | Arlander Keys |
|---|---|---|---|
| **CASE NUMBER** | 03 C 3549 | **DATE** | 3/18/2004 |
| **CASE TITLE** | David Jacobs vs. Xerox Corporation Long Term Disability Income Plan | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Memorandum Opinion and Order entered. The Court grants Defendant's Motion to Quash [#12] to the extent set forth in this Memorandum Opinion and Order. AK

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 2 | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAR 19 2004 | |
| | Notified counsel by telephone. | | date docketed | 22 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | 3/18/2004 | |
| ✓ | Copy to judge/magistrate judge. | | date mailed notice | |
| | FT/*sem* courtroom deputy's initials | Date/time received in central Clerk's Office | FT mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DAVID JACOBS,                          )
                                       )
                Plaintiff,             )
                                       )    No. 03 C 3549
        v.                             )
                                       )    Judge Mark Filip
XEROX CORPORATION LONG TERM            )
DISABILITY INCOME PLAN,                )    Magistrate Judge Arlander Keys
                                       )
                Defendant.             )

**MEMORANDUM OPINION ORDER**

David Jacobs went to work for the Xerox Corporation on December 31, 1996. In October 2001, he suffered multiple strokes and, as a result, began a short-term disability leave of absence on October 3, 2001. The next month, while Mr. Jacobs was out on leave, Xerox fired him, though Mr. Jacobs continued to receive short-term disability payments through March 3, 2002. Mr. Jacobs' disability continued beyond that date, and he, therefore, sought long-term disability benefits from the Xerox Corporation Long-Term Disability Income Plan, which provides disability benefits to Xerox employees. The Plan denied his claim, and Mr. Jacobs sued under §502(a)(1)(B) of ERISA, 29 U.S.C. §1132(a)(1)(B). In his complaint, he also claims that the Plan failed to respond to his request for documents in a timely fashion, thereby incurring penalties, under 29 U.S.C. §1132(c). And, finally, he claims that Xerox terminated him while he was on leave to avoid having to pay him long-term disability benefits, thereby violating §510 of ERISA,

29 U.S.C. §1140.

On July 7, 2003, Judge Wayne Andersen, to whom the case was assigned, entered an order referring the case to this Court for discovery supervision. The case is now before the Court on a Motion to Quash filed by the Plan. The Plan seeks to prevent Mr. Jacobs from taking the deposition of the Plan Administrator (Lawrence Becker) and from conducting any discovery into matters beyond the administrative record, including but not limited to the question of how or why the Plan Administrator arrived at his decision to deny benefits. The Plan also seeks a protective order limiting discovery to matters contained in the administrative record. Mr. Jacobs has requested oral argument on the Plan's motion, but the Court will deny that request, given that the parties' written submissions amply address the relevant issues.

Both sides seem to agree that resolution of the discovery motion currently before the Court turns on whether the Court will ultimately review the Plan Administrator's decision to deny benefits under an arbitrary and capricious standard, or de novo. And the case law is in accord. See, e.g., Perlman v. Swiss Bank Corp. Comprehensive Disability Protection Plan, 195 F.3d 975, 981-82 (7th Cir. 1999)("Deferential review of an administrative decision means review on the administrative record"; parties are allowed to take discovery and present new evidence in ERISA cases subject to de novo judicial decisions, . . . but never where the

question is whether a decision is . . . arbitrary and capricious.") (citations omitted). The Court turns first, therefore, to the question of the applicable standard of review.

"[A] denial of benefits challenged under §1132(a)(1)(B) is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). *Bruch* "makes plenary review the default rule, that is, the rule to govern when the plan documents contain no indication of the scope of judicial review." *Herzberger v. Standard Insurance Co.*, 205 F.3d 327, 330 (7th Cir. 2000). Thus, when the language of the plan is uncertain concerning the scope of judicial review, plenary review is appropriate. *Id.* *Herzberger* instructs that "the conferral of discretion is not to be assumed"; "[t]he employees are entitled to know what they're getting into, and so if the employer is going to reserve a broad, unchanneled discretion to deny claims, the employees should be told this, and told clearly." *Id.* at 331, 333.

Here, the Plan satisfies the concerns spelled out in *Herzberger*; indeed, Mr. Jacobs does not argue otherwise. He argues instead that, despite the Plan language, a *de novo* standard applies here because (1) the decision to deny benefits was a "mixed eligibility decision"; and (2) the Plan Administrator was operating

3

under a conflict of interest when he decided to reject Mr. Jacobs' claim. Both of these facts, he argues, take this case out of the "default" plenary form of review.

The Court quickly rejects both of Mr. Jacobs' arguments on this issue. The question of what standard of review would govern a mixed eligibility and treatment decision – that is, a decision relying on medical judgments in order to make plan coverage determinations, see Pegram v. Herdrich, 530 U.S. 211, 228-29 (2000) – is irrelevant because this case involved no such decision. And, with respect to Mr. Jacobs' latter argument, the Supreme Court has held to the contrary: "the de novo standard applies . . . regardless of whether the administrator or fiduciary is operating under a possible or actual conflict of interest." Firestone, 489 U.S. at 115. "Of course, if a benefit plan gives discretion to an administrator or fiduciary who is operating under a conflict of interest, that conflict must be weighed as a 'facto[r] in determining whether there is an abuse of discretion.'" Id. (quoting Restatement (Second) of Trusts §187, Comment d (1959)). Thus, Mr. Jacobs' conflict of interest arguments, though irrelevant for purpose of this motion, may be relevant when the Court decides the merits of his denial of benefits claim. For now, however, it is enough to note that the Court will ultimately review the Plan Administrator's decision under a deferential standard, and that, therefore, discovery and the presentation of new evidence is not

allowed. See *Perlman*, 195 F.3d at 981-982.

Mr. Jacobs next argues that, even if the Court finds that discovery should be limited for purposes of his denial of benefits claim, it should not be limited for purposes of his delay and interference with benefits claims, Counts Two and Three of his Second Amended Complaint. To the extent relevant to these claims, he argues, he should be entitled to pursue discovery outside the administrative record. On this issue, the Court agrees, and will, therefore, allow discovery regarding Mr. Jacobs' interference with benefits claim and his claim that the Plan failed to timely supply documents.

The Court turns now to the specific discovery requests challenged by the Plan. The Plan first seeks to quash the notice of deposition for the Plan Administrator, Lawrence Becker. At this time, the Court is convinced that the only evidence Mr. Jacobs hopes to obtain from deposing Mr. Becker relates to the manner in which he decided Mr. Jacobs' claim for benefits. Because that is improper, the Court will grant the Defendant's motion to quash the notice of that deposition.

The Plan next seeks to quash a set of interrogatories and a set of document requests that Mr. Jacobs served. To the extent these discovery requests seek information and documents concerning the Plan's decision-making, they must be barred. To this end, the Court strikes interrogatory numbers 1, 2, 3, and 4. The Court also

strikes interrogatory 6, except to the extent it concerns communications relevant to Counts Two and Three of Mr. Jacobs' Second Amended Complaint. Additionally, the Court strikes document request numbers 1, 3, 4, and 5; the Court will require the Plan to produce documents in response to request number 2 (which seeks only plan documents), as well as request numbers 7 and 8, but only to the extent relevant to Counts Two and Three of the Second Amended Complaint.

## Conclusion

The Court finds that review of the Plan Administrator's decision to deny Mr. Jacobs' claim for long-term disability benefits must be based on the administrative record, and not on evidence outside of that record. Accordingly, the Court grants the Plan's Motion to Quash to the extent explained in this Memorandum Opinion and Order. Mr. Jacobs' request for oral argument is denied.

Dated: March 18, 2004

ENTER:

_Arlander Keys_
ARLANDER KEYS
United States Magistrate Judge